UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **REGINALD BROWN, ET AL.** | **CASE NO. 3:22-CV-00787** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CITY OF MONROE, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Before the undersigned are two motions to dismiss, the first filed by Defendant Mayor Oliver "Friday" Ellis ("Mayor Ellis") [doc. #7], and the second filed by the Louisiana State Police (the "LSP") (together, "Defendants"). [doc. #13]. Plaintiffs Reginald Brown ("Brown") and Latoya Brown (together, "Plaintiffs") did not file an opposition to either motion. For the reasons assigned below, it is recommended that Defendants' motions be granted, and the claims against them be dismissed without prejudice.

**I.    FACTUAL BACKGROUND**

Brown, a former employee of the Monroe Police Department (the "MPD"), claims that he was "falsely accused of delaying sending an excessive force case to Louisiana State Police." [doc. #1-1 ¶ 4]. Apparently, Brown was then subjected to an investigation, during which he was forced to participate in a polygraph test on October 12, 2020, and ordered to submit to "another interrogation" on November 5, 2020. *Id.* at ¶ 5. Brown claims that the was not informed of the allegations or charges against him, which violated his due process rights under the Fifth and Fourteenth Amendments. *Id.* at ¶ 6. The MPD terminated Brown's employment on November 23, 2020. *Id.* at ¶ 4.

On November 23, 2021, Plaintiffs filed the instant suit in the Fourth Judicial District Court for the Parish of Ouachita against Defendants. [doc. #1-1]. Plaintiffs also named as Defendants the City of Monroe, Former MPD Police Chief Eugene Ellis, MPD Police Chief Victor Zordan, Sargent Mike Fendall, Hank Smith, and XYZ Insurance Companies. [doc. #1-1]. In the Complaint, Plaintiffs assert claims for, *inter alia*, violation of Brown's constitutional rights. *Id.* at ¶¶ 9, 10.

On February 18, 2022, Plaintiffs requested service on Mayor Ellis, and on February 28, 2022, Mayor Ellis was served at Monroe City Hall, through Lynda McMahn ("McMahn"), because the "Mayor [was] unavailable." [doc. #1-1, p. 20].

The record does not indicate that Plaintiffs requested service for the LSP, or that it was ever served.

On March 23, 2022, the City of Monroe removed to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. [doc. #1 ¶ 4].

On April 18, 2022, Mayor Ellis filed a motion to dismiss on the basis of improper service of process and/or lack of personal jurisdiction, and on May 24, 2022, the LSP filed a motion to dismiss on the basis of improper process. [doc. #s 7, 13].

## II. LEGAL STANDARD

The LSP seeks dismissal for insufficient process under Federal Rule of Civil Procedure 12(b)(4)[1] while Mayor Ellis seeks dismissal for insufficient service of process under Rules

---

[1] The LSP styled its motion to dismiss as a motion under Rules 12(b)(4) and 12(b)(5). However, as discussed *supra*, because the LSP alleges that it was not served, its motion is properly analyzed as a motion under Rule 12(b)(4) only.

12(b)(5). Although Rules 12(b)(4) and 12(b)(5) sound similar, there is a distinction. "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service, while a Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Companies, Inc.*, 289 Fed. App'x. 688, 692 (5th Cir. 2008) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure: Civil 3d* § 1353) (internal quotation marks omitted). Therefore, "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Fed. Practice and Procedure*, *supra*.

When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Kitchen v. Walk-On's Bistreaux & Bar*, No. 19-CV-1062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)). "The Court may consider affidavits or declarations in resolving Rule 12(b)(5) motions." *Walk-On's*, 2020 WL 2404911, at *1 (internal citations omitted).

Finally, invalid service of process implicates Rule 12(b)(2),[2] because without valid service of process, "proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he was properly served." *Landry v. Garber*, Civ. Action No. 19-CV-0367, 2019 WL 2946149, at *2 (W.D. La. June 21, 2019), *R&R adopted*, 2019 WL 2943409 (W.D. La. July 8, 2019) (citing *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)); *see also Omni Capital Int'l*,

---

[2] Mayor Ellis also requests dismissal based on Rule 12(b)(2) "to the extent required." [doc. #71-, p. 4].

*Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

### III.   ANALYSIS

The validity of service effected before removal is governed by Louisiana state law. *See Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972). However, if service is attempted after removal, it is governed by the Federal Rules of Civil Procedure. Thus, "[i]n removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court." 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice & Procedure: Civil 3d* § 1137.

   A. *Mayor Ellis's Motion to Dismiss*

It is unclear whether Mayor Ellis is being sued in his official[3] or individual capacity, or both. Mayor Ellis argues, to the extent that he is being sued in his individual capacity, Plaintiff's claims against him must be dismissed for improper service.

As Plaintiff requested service prior to removal, Louisiana procedural law applies. Under Louisiana law, a defendant may be served through personal or domiciliary service, or through an authorized representative. LA. CODE CIV. PROC. arts 1231, 1235. "Personal service is made when a proper officer tenders the citation or other process to the person to be served." LA. CODE CIV. PROC. art. 1232. "Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment." LA. CODE CIV.

---

[3] Mayor Ellis admits that service on him in his official capacity was likely sufficient. [doc. #7-1, p. 3 n.1]. However, service on a defendant in his official capacity is not sufficient to also affect service on him in his individual capacity. *See* LA. CODE CIV. PROC. art. 1237.

PROC. art. 1234. Service on an authorized representative is made by personal or domiciliary service on that representative. LA. CODE CIV. PROC. art. 1235.

Here, Mayor Ellis was not served properly. The service return indicates that McMahn accepted service on behalf of Mayor Ellis at the Monroe City Hall. Thus, Plaintiffs did not serve Mayor Ellis through personal or domiciliary service. Moreover, there is nothing to indicate that McMahn was authorized by Mayor Ellis to accept service of process on his behalf. Thus, service on Mayor Ellis was insufficient, and this Court lacks personal jurisdiction over him in his individual capacity.

Accordingly, IT IS RECOMMENDED that the Court DISMISS WTHOUT PREJUDICE Plaintiffs' claims against Mayor Ellis.

B. *The LSP*

The LSP argues that "Plaintiffs did not serve LSP, or even request service on LSP, in state court or in federal court," and, thus, all claims against it should be dismissed.

As discussed *supra*, service prior to removal is governed by Louisiana law. Louisiana Revised Statute § 39:1538(4) provides that, when serving a state entity, the plaintiff must serve (1) the head of the concerned department; (2) the Office of Risk Management; and (3) the Attorney General. LA. R.S. § 39:1538(4). On the other hand, service after removal is governed by the Federal Rules of Civil Procedure. To properly serve a state government organization, Rule 4 requires a copy of the summons and complaint to be served on (1) the organization's chief executive officer ("CEO"); or (2) in the manner prescribed by state law. FED. R. CIV. P. 4(j)(2).

Here, there is nothing to suggest that the LSP was served before or after removal. The record is devoid of a request for summons or service return. Moreover, Plaintiffs have not responded to the instant motion with evidence to indicate service and, thus, the Court lacks personal jurisdiction over the LSP due to insufficient process. *See Walk On's*, 2020 WL 2404911, at *3 ("When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service.") (internal quotations and citations omitted).

Accordingly, IT IS RECOMMENDED that the Court DISMISS WITHOUT PREJUDICE all claims against the LSP.[4]

C. *Amendment*

Courts often prefer to allow a plaintiff additional time to serve a defendant in lieu of dismissal. *See Richard v. City of Port Barre*, No. 14-CV-02427, 2015 WL 566896, at *2 (W.D. La. Jan. 20, 2015). However, in this case, Plaintiffs have not requested additional time to properly serve Defendants and, in fact, have failed to even oppose the instant motions to dismiss.[5] Thus, the undersigned recommends that the Court use its broad discretion to dismiss all of Plaintiffs' claims against the LSP, and Plaintiffs' claims against Mayor Ellis in his individual capacity in lieu of granting Plaintiffs additional time to serve Defendants. *See id.* ("Ultimately, whether to dismiss an action to quash or allow for service to be re-attempted is within the broad discretion of the district court."). It should be noted, however, that if Plaintiffs

---

[4] The undersigned notes that, while removal starts over the proverbial service of process clock, the LSP filed the instant motion more than ninety days after removal, and, thus, Plaintiffs' extended period to effect service has expired.

[5] Importantly, as to Mayor Ellis, it is not clear from the Complaint, nor the request for service, whether Plaintiffs even meant to serve Mayor Ellis in the capacity for which he seeks dismissal.

do seek additional time to properly serve the LSP, or Mayor Ellis in his individual capacity, they may do so during the objection period to this Report and Recommendation. Should Plaintiffs make this request, it will be considered by the District Court Judge.

Accordingly, **IT IS RECOMMENDED** that all claims against the LSP, and all claims against Mayor Ellis in his *individual* capacity be **DISMISSED WITHOUT PREJUDICE**.[6]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

---

[6] Defendants requests that the Court dismiss Plaintiffs' claims *with* prejudice. However, "[b]ecause dismissal with prejudice is the harshest of sanctions, [the Fifth Circuit] has consistently required that the efficacy of any lesser sanctions be considered." *Porter v. Beaumont Enter. & J.*, 743 F.2d 269, 272 (5th Cir. 1984). The Fifth Circuit has affirmed dismissals with prejudice for improper service of process "when a clear record of delay exists and lesser sanctions are deemed effective." *Id.* This clear record of delay is absent here and, thus, the undersigned does not recommend dismissal with prejudice.

THUS DONE in Chambers on this 12th day of August, 2022.

                                                                  */s/ Kayla Dye McClusky*
                                                                  KAYLA DYE MCCLUSKY
                                                       UNITED STATES MAGISTRATE JUDGE