UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**REGINALD BROWN ET AL**               **CASE NO. 3:22-CV-00787**

**VERSUS**                                         **JUDGE TERRY A. DOUGHTY**

**CITY OF MONROE ET AL**             **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM RULING**

Pending before the Court is a Motion for Summary Judgment [Doc. No. 24] filed by Defendant Hank Smith ("Smith"). The Motion is unopposed.

For the following reasons, the Motion is **GRANTED**.

**I.     BACKGROUND & PROCEDURAL HISTORY**

Plaintiffs Reginald Brown ("Reginald") and Latoya Brown (collectively, "Plaintiffs") filed suit against seven named defendants on November 23, 2021.[1] The suit was properly removed to this Court on March 23, 2022, on the basis of federal question jurisdiction.[2] The only remaining Defendants are the City of Monroe ("Monroe") and Smith.

Smith, a Louisiana State Police Investigator, filed the instant Motion to dismiss slander and libel claims filed against him by Plaintiffs.[3] Plaintiffs filed suit following Reginald's termination, alleging that he was wrongfully discharged from his employment on November 23, 2020, and further asserts that he was falsely accused of delaying a request to the Louisiana State Police regarding an excessive force claim against a Monroe Police Officer before the City of Monroe Mayoral election on Saturday, July 22, 2020.[4] Reginald also claims that his termination was the

---

[1] [Doc. No. 1, Complaint/State Court Petition]
[2] [Id.]
[3] [Doc. No. 24]
[4] [Doc. No. 1, Complaint]

result of an unfair interrogation and polygraph test. Further, he alleges there was an additional interrogation prior to his disciplinary hearing.[5]

Smith asserts that the only allegation asserted which relates to him is the claim that Reginald was falsely accused of delaying referring an excessive force claim against a Monroe City Police Officer to the Louisiana State Police, which can be found in Paragraph 11 of the Complaint.[6] Paragraph 11 reads as follows:

> Complainant REGINALD BROWN further asserts that HANK SMITH, an employee of the LOUISIANA STATE POLICE, acting in the course and scope of his employment is liable for defamation and slander by stating that Complainant withheld sending the excessive force case to Louisiana State Police because he didn't want to ruin anyone's weekend. Such acts of defamation have injured Complainant by causing him to be terminated from his employment, injuring his reputation in the community by discrediting his credibility, therefore, they should be held liable for damages.[7]

Plaintiffs have not filed an opposition to the Motion.

## II. LAW AND ANALYSIS

### A. Summary Judgment

Summary judgment shall [be] grant[ed] … if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(A). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in this case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

---

[5] [Id.]
[6] [Doc. No. 24]
[7] [Doc. No. 1, p. 3, ¶ XI]

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 fn.3 (5th Cir. 1995). The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. *Powell v. Delaney*, 2001 WL 1910556, at 5-6 (W.D. Tex. June 14, 2001). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id.* at 1 and n.2; see also *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed). See also: *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex.) ("A summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence.").

The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

### B. Analysis

As a preliminary determination, the Court finds that the Statement of Facts[8] submitted by Smith are undisputed for these purposes because Plaintiffs have not filed an opposition to the Motion.

#### 1. Defamation

Louisiana Civil Code Article 2315 governs causes of action for the tort of defamation. "Defamation involves the invasion of a person's interest in his or her reputation and good name." *Starr v. Boudreaux*, 978 So.2d 384, 388 (La.App. 1st Cir. 2007); *Costello v. Hardy*, 03–1146, at 12 (La.1/21/04), 864 So. 2d 129, 139; (citing *Fitzgerald v. Tucker*, 98–2313, at 10 (La. 6/29/99), 737 So.2d 706, 715; *Trentecosta v. Beck*, 96–2388, at 10 (La. 10/21/97), 703 So.2d 552, 559; *Sassone v. Elder*, 626 So.2d 345, 350 (La. 1993)). There are five elements of defamation under Louisiana law: 1) defamatory words; (2) publication to a person other than the one defamed; (3) falsity; (4) malice; and (5) resulting injury. *Hoffman v. Bailey*, 257 F.Supp.3d 801 (E.D. La. 2017). Some Louisiana courts set forth the "actual or implied malice" requirement as the "fault (negligence or greater) on the part of the publisher." *Id*. at 819, 820; *see also Kennedy v. Sheriff of East Baton Rouge*, 935, at 23 So.2d 669 (La. 2006). The Louisiana Supreme Court has articulated that in order to prevail on a defamation claim, a plaintiff must prove "that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages." *Id*. at 821.

---

[8] [Doc. No. 24-2]

If even one of the required elements of the defamation tort is lacking, the cause of action fails. *Id*. Furthermore, if a plaintiff does establish a *prima facie* showing of the essential elements of a defamation claim, a defendant may prevail by showing either that: (1) the statement was true, as truth is an absolute defense to defamation claims under Louisiana law; or (2) that the statements were protected by an absolute or qualified privilege. *Doe v. Grant,* 01–0175, at 9 (La.App. 4 Cir. 1/29/03), 839 So.2d 408, 416; *Arledge v. Hendricks,* 30,588, 4 (La.App. 2 Cir. 6/26/98), 715 So.2d 135, 139); *Wood*, 974 So.2d at 98 ("Even when a plaintiff makes a prima facie showing of the essential elements of defamation, recovery may be precluded if the defendant shows either that the statement was true, or that it was protected by a privilege, absolute or qualified."); *Wyatt v. Elcom of Louisiana, Inc.*, 34,786 (La.App. 2 Cir. 6/22/01), 792 So.2d 832, 835 ("Truth is an absolute defense to the action for defamation.").

**1. Defamatory words**

The Louisiana Supreme Court has held that "[t]he question of whether a communication is capable of a particular meaning and whether that meaning is defamatory is ultimately a legal question for the court." *Costello*, 864 So.2d at 140. To make this determination, courts must consider whether a listener "could have reasonably understood the communication, taken in context, to have been intended in a defamatory sense." *Id*. The legal issue to be decided by the Court is whether a particular statement is "*objectively* capable of having a defamatory meaning ... considering the statement as a whole, the context in which it was made, and the effect it is reasonably intended to produce in the mind of the average listener." If the Court finds that a "particular statement is *objectively* capable of having a defamatory meaning," then "the actual recipient's *subjective* understanding or perception of the communication as defamatory becomes a factual issue for the jury." By contrast, if the Court determines that the words at issue are not

objectively capable of having a defamatory meaning, then the plaintiff's claim is not actionable and may be dismissed on a defendant's summary judgment.

Defamatory words are, by definition, words which tend to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person, or otherwise expose a person to contempt or ridicule. *Fitzgerald,* 98–2313 at 11, 737 So.2d at 716; *Trentecosta,* 96–2388 at 10, 703 So.2d at 559 (*citing* RESTATEMENT (SECOND) OF TORTS § 559 cmt. (e) (1977)). Words which convey an element of personal disgrace, dishonesty, or disrepute are defamatory. *Fitzgerald,* 98–2313 at 11, 737 So.2d at 716. The question of whether a communication is capable of a particular meaning and whether that meaning is defamatory is ultimately a legal question for the court. *Sassone,* 626 So.2d at 352. The question is answered by determining whether a listener could have reasonably understood the communication, taken in context, to have been intended in a defamatory sense. *Id.* To be actionable, the words must be communicated or "published" to someone other than the plaintiff. *Kosmitis,* 25,585 at 3, 685 So.2d at 1180.

In Louisiana, defamatory words have traditionally been classified into two categories: those that are defamatory per se and those that are susceptible of a defamatory meaning. *Lemeshewsky v. Dumaine,* 464 So.2d 973, 975 (La.App. 4 Cir.1985). Words which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, even without considering extrinsic facts or surrounding circumstances, are considered defamatory per se. *Kosmitis,* 28,585 at 4, 685 So.2d at 1180; *Lemeshewsky,* 464 So.2d at 975; 12 Crawford, Louisiana Civil Law Treatise: Tort Law § 17.8 at 315. When a plaintiff proves publication of words that are defamatory per se, the elements of

falsity and malice (or fault) are presumed, but may be rebutted by the defendant. *Kosmitis,* 28,585 at 4, 685 So.2d at 1180. The element of injury may also be presumed. *Id.*

When the words at issue are not defamatory per se, a plaintiff must prove, in addition to defamatory meaning and publication, the elements of falsity, malice (or fault) and injury. *Kosmitis,* 28,585 at 4, 685 So.2d at 1180. In cases involving statements made about a public figure, where constitutional limitations are implicated, a plaintiff must prove actual malice, *i.e.,* that the defendant either knew the statement was false or acted with reckless disregard for the truth. *See, Romero v. Thomson Newspapers (Wisconsin), Inc.,* 94–1105, p. 5 (La.1/17/95), 648 So.2d 866, 869.

The injury resulting from a defamatory statement may include nonpecuniary or general damages such as injury to reputation, personal humiliation, embarrassment and mental anguish even when no special damage such as loss of income is claimed. *Kosmitis,* 28,585 at 4, 685 So.2d at 1180. Regardless of the type of injury asserted, however, a plaintiff must present competent evidence of the injuries suffered. *Id.* at 28,585 at 5, 685 So.2d at 1181. A plaintiff must also demonstrate that the defamatory statements were a substantial factor in causing the harm. *Id.* (*citing Taylor v. Town of Arcadia,* 519 So.2d 303, 306 (La.App. 2 Cir.), *writ denied,* 522 So.2d 1097 (La.1988)).

Finally, even when a plaintiff makes a prima facie showing of the essential elements of defamation, recovery may be precluded if the defendant shows either that the statement was true, or that it was protected by a privilege, absolute or qualified. *Doe v. Grant,* 01–0175, p. 9 (La.App. 4 Cir. 1/29/03), 839 So.2d 408, 416, *writ denied,* 03–0604 (La.5/2/03), 842 So.2d 1102; *Arledge v. Hendricks,* 30,588, p. 4 (La.App. 2 Cir. 6/26/98), 715 So.2d 135, 139.

The threshold issue in a defamation action is whether the words complained of are defamatory, *i.e.,* capable of a defamatory meaning.

Smith argues here that Plaintiff cannot meet his burden of proof here entitling him to summary judgment because he cannot meet the first two prongs of the test for defamation, i.e., he cannot prove defamatory words or publication to a person other than the one defamed. In support of this, Plaintiff attached an affidavit attesting that he never alleged that Reginald made statements regarding the withholding of the referral.[9]

The affidavit states that Smith has consistently stated that any comments regarding a referral were made by a Charles Johnson ("Johnson"), not Brown. Smith also testified in the affidavit that he never said Johnson was ordered to withhold the referral until after the weekend by Brown, and he testified that he never stated that the statement was withheld due to the mayoral election. He continued to attest in his affidavit that Johnson advised him that he did not refer the excess force case to the Louisiana State Police the prior week because "Johnson did not want to 'ruin anyone's weekend.'"[10] Smith maintains that this is the extent of what he has stated, and he further testified under oath to these statements.

The Court agrees with Smith that Plaintiffs cannot prevail on a claim of slander because they have failed to show that Smith made a false and defamatory statement about Reginald and/or that there was a publication to a third person. There has been no evidence produced by Plaintiffs showing that Smith made any statements about Reginald whatsoever, and, therefore, his claim for defamation against Smith fails as a matter of law. The Court further finds that the words at issue are not objectively capable of having a defamatory meaning. Accordingly, any claims of defamation made against Smith are hereby DISMISSED.

---

[9] [Doc. No. 24-4]
[10] [Doc. No. 24-1, p. 7]

## III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Motion for Summary Judgment [Doc. No. 24] filed by Defendant Hank Smith is **GRANTED**, and Plaintiffs' claims against Smith are hereby **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 19th day of April 2023.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE